LEE E. WOODARD, ESQ.
WENDY A. KINSELLA, ESQ.
Harris Beach, PLLC
333 West Washington Street, Suite 200
Syracuse, New York 13202
Attorneys for Columbia SFH, L.L.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

ST. FRANCIS' HOSPITAL,
POUGHKEEPSIE, NEW YORK, et al.,[1]

Debtors

Chapter 11

Case No. 13-37725

(Jointly Administered)

---

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF COLUMBIA SFH, L.L.C. TO RESPONSE TO DEBTORS' MOTION FOR ENTRY OF A FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) OBTAIN POST-PETITION SECURED SUPERPRIORITY FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364; AND (B) TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C 363; (II) GRANTING ADEQUATE PROTECTION TO PRE PETITION INDENTURE TRUSTEE AND MISCELLANEOUS SECURED CREDITORS PURSUANT TO 11 U.S.C §§361, 362, 363 AND 364**

Columbia SFH, L.L.C. ("Columbia") hereby submits this Limited Objection and Reservation of Rights in response to the Debtor's Motion for Entry of a Final Order (I) Authorizing Debtors to (A) Obtain Post-Petition Secured Superpriority Financing Pursuant to 11 U.S.C. §§105, 361, 362, 363 and 364; and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C §363; (II) Granting Adequate Protection to Prepetition Indenture Trustee and Miscellaneous Secured Creditors Pursuant to 11 U.S.C. §§ 361, 362 and 364 ( the "DIP Financing Motion"); and respectfully represents to the Court as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: St. Francis' Hospital, Poughkeepsie, New York (8503), Saint Francis Home Care Services Corporation (3842), SFH Ventures, Inc. (0024), Saint Francis Health Care Foundation, Inc. (5066), and Saint Francis Hospital Preschool Program (1079).

## BACKGROUND OF THE LEASES

1.  Columbia and the Debtor, St. Francis' Hospital, Poughkeepsie, New York (the "Debtor" or "Hospital") have entered into a series of leases which are critical to the Debtors' operations as a going concern.

2.  As of April 1, 1999, Columbia, as tenant, and the Debtor, as landlord (collectively, the "Parties") entered into a Ground Lease (the "Ground Lease") whereby Columbia leased from the Debtor approximately 1.17 acres of real property together with easements and rights located on the Debtors' hospital campus (the "Real Property") so that Columbia could construct and/or renovate parts of the Real Property as hospital space with medical offices, that is also referred to as the Atrium (the "Facility"). Columbia obtained secured financing to fund the construction of the Facility, and the Facility was eventually completed. Said construction financing was replaced with permanent secured financing and refinanced at various times over the years. A Mortgage and Security Agreement and Consolidation, Modification and Restatement Agreement made by Columbia and the Dutchess County Industrial Development Agency to Column Financial Inc. on the Facility was recorded in the Dutchess County Clerk's office in July 2005, which was further secured with the filing of UCC-1 financing statements.

3.  Shortly after entering into the Ground Lease in 1999 and continuing through 2000, the Parties entered into five Lease Agreements with the Debtor as tenant, and Columbia, as landlord. The main lease is governed by the terms of a (i) Master Lease and covers approximately 55,549 square feet (the "Master Lease") for the "Atrium Premises" located at the 35 North Road, in Poughkeepsie, New York. In addition, there are four different units leased to the Debtor in the Facility: (ii) the lease for Unit 102 for Radiology; (iii) the lease for Unit 202 for Family Medicine; (iv) the lease for Unit 500 for Ambulatory Surgery; and (v) the lease for

Unit 503 for the St. Francis' Hospital office (collectively the "Leases"). A summary of the leased Units, square footage, and additional lease information is attached hereto as **Exhibit A**.

4. The Master Lease includes Suites 100 and 101, which is the space used by the Debtor for all of its food service operations, including the kitchen where the patient meals are prepared and the cafeteria that serves the hospital staff and visitors. The Facility's gift shop, board room, administration area and additional medical suites are also part of the Master Lease. In addition, the Master Lease includes one of the two main entrance areas to the Facility, with the only other main entrance being the Emergency Room entrance. Upon information and belief, the entrance that is part of the Master Lease is critical to the Hospital's operations to ensure compliance with fire and safety regulations.

5. The total amount of arrears due to Columbia under the Leases as of the filing date is $735,136.50 (the "Columbia Cure Amount"). Rent had not been paid on any of the Leases since August, 2013 and there currently is pre-petition rent due for September, October, November, and December 1 through December 17, 2013 (the "Petition Date").

6. Columbia received a majority, but not all of the post-petition rent for December, 2013. The total amount of rent due from December 18, 2013 through December 31, 2013 is $96,517.15. The December payment was short by $621.80. Rent for January 2014 was paid.

7. The rent due under the Leases for February through March 2014 is $196,949.94 for each month.[2]

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

8. Columbia recognizes the Debtors' Post Petition Financing is necessary to allow the continuation of the Debtor's operations until a sale transaction can be completed pursuant to 11

---

[2] Columbia received $198,130.86 for January rent.

U.S.C. §363. Columbia believes that the Ground Lease and Master Lease, including the food service operations and the main entrance, must dealt with in the §363 Sale process in order to insure that the food service provided to the patients, medical staff, and visitors to the Hospital is not interrupted, and to ensure health and safety codes are met.

9. The Interim DIP Order provides that the DIP Liens securing the DIP Credit Agreement shall be junior in payment and priority only to the Carve Out, and subject to the entry of a Final Order, the Prepetition Lines of M & T Bank and the Miscellaneous Secured Creditors. (See Interim DIP Order at Dkt. 44 at paragraph 10). Columbia and its secured lender should be included as "Miscellaneous Secured Creditors." Thus, any Interim or Final DIP Order should be clear that Columbia's rights (and the rights of its secured lender) should not be primed by the DIP Financing and the protections contained in the Interim DIP Order outlined above should also be contained in the Final DIP Order.

10. In addition, Miscellaneous Secured Creditors should be entitled to receive adequate protection, pursuant to Sections 361, 363 and 364 of the Bankruptcy Code for any Diminution in the Value of their respective interests in the Pre Petition Collateral. A Miscellaneous Secured Creditor should also receive Replacement Liens and be entitled to a Secured Creditor Superpriority Claims, if appropriate.

## CONCLUSION

11. Columbia respectfully reserves all of its rights and remedies including, but not limited to, the right to further object to: (i) the Final DIP Financing Order; (ii) any future Cure Notice, the assumption and assignment of Leases, or adequate assurance of future performance; (iii) the sale of the Debtors' assets; and (iv) to assert any other common law or statutory rights available.

WHEREFORE, Columbia respectfully requests that the Court enter an Order granting Columbia the relief outlined herein, and granting such other and further relief as may be just and proper.

Dated: Syracuse, New York
January 15, 2014

Respectfully submitted,

HARRIS BEACH PLLC

*/s/ Lee E. Woodard*

Lee E. Woodard, Esq.
Wendy A. Kinsella, Esq.
Mark J. McCarthy, Esq.
Counsel for Columbia SFH, L.L.C.
333 West Washington Street, Suite 200
Syracuse, NY 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331
lwoodard@harrisbeach.com
wkinsella@harrisbeach.com
mmccarthy@harrisbeach.com