**Klehr Harrison Harvey Branzburg, LLP**
Jeffrey D. Kurtzman. Esquire (JK/7689)
Richard M. Beck (*Pro Hac Vice Pending*)
Kathryn E. Perkins (*Pro Hac Vice Pending*)
1835 Market Street, Ste. 1400
Philadelphia, PA 19103

*Attorneys for De Lage Landen Financial Services, Inc.*
*And Philips Medical Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| St. Francis' Hospital Poughkeepsie, New York, *et al.*,[1] | Case No. 13-37725 |
|  | (Joint Administration Requested) |
|  | Hearing Date: January 21, 2014 |
| Debtors. | Hearing time: 11:00 a.m. |

**JOINDER OF DE LAGE LANDEN FINANCIAL SERVICES, INC.,
AND PHILIPS MEDICAL CAPITAL, LLC, TO THE OBJECTIONS OF
COLUMBIA SFH, L.L.C., M&T BANK AND SIEMENS FINANCIAL SERVICES,
INC. TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING DEBTORS (A) TO OBTAIN POST-PETITION
SECURED SUPERPRIORITY FINANCING PURSUANT TO 11 U.S.C. §§ 105,
361, 362, 363 AND 364 AND (B) TO UTILIZE CASH COLLATERAL PURSUANT
TO 11 U.S.C. § 363; (II) GRANTING ADEQUATE PROTECTION TO PRE-
PETITION INDENTURE TRUSTEE AND MISCELLANEOUS SECURED
CREDITORS PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364; AND (III)
SCHEDULING A FINAL HEARING PURSUANT TO
BANKRUPTCY RULES 4001(b) AND 4001(c) [ECF #13]**

De Lage Landen Financial Services, Inc. ("**DLL**") and Philips Medical Capital,

LLC ("**PMC**", and together with DLL, the "**Joining Parties**") join in the Limited

Objections and Reservations of Rights of Columbia SFH, L.L.C. [ECF #140], M&T

---

[1] The debtors in these chapter 11 cases are: St. Francis' Hospital, Poughkeepsie, New York, St Francis Home Care Services Corporation, SFH Ventures, Inc., St. Francis Health Care Foundation, Inc. and St. Francis Hospital Preschool Program.

PHIL1 3393810v.2

Bank [EDF #118] and Siemens Financial Services, Inc. [ECF#159] (the "**Priming Lien Objections**") to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Post-Petition Secured, Superpriority Financing Pursuant to 11 U.S.C. §§ 105, 361, 363 and 364 and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to Pre-Petition Indenture Trustee and Miscellaneous Secured Creditors Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c)* (the **"DIP Motion"**) [Doc. No. 13], and in support thereof respectfully represent as follows:

    1.    Joining Parties and the Debtor St. Francis' Hospital Poughkeepsie, New York (the "**Hospital**") are parties to two equipment leases under which Joining Parties leased certain medical equipment to the Hospital (the "**Leases**"). PMC and the Hospital are parties to that certain Master Lease Agreement dated December 29, 2009 under which PMC leased to the Hospital an Allura Xper FD20 System (the "**PMC Leased Equipment**"). DLL and the Hospital are parties to that certain Master Lease Agreement dated June 26, 2012 under which DLL leased to the Hospital an Intuitive daVinci Surgical System and related equipment (the "**DLL Leased Equipment**"). The Hospital has continuous monetary and non-monetary obligations to the Joining Parties under the Leases. Upon information and belief, the Hospital is currently using the PMC Leased Equipment and the DLL Leased Equipment in the operation of its business in accordance with 11 U.S.C. §§ 1107(a) and 1108.

2.  On December 17, 2013 the Debtors filed the DIP Motion, which, *inter alia,* seeks to grant Midcap Financial, LLC a first priority priming lien and security interest in all of the above-captioned debtors' assets (the "**Priming Liens"**) to secure the post-petition financing (the "**DIP Financing"**).  Joining Parties join in the Priming Lien Objections to the extent the Debtors are requesting that the Priming Liens are intended to encumber the PMC Leased Equipment or the DLL Leased Equipment.  Joining Parties assert that the Leases are "true leases" and that the PMC Leased Equipment or the DLL Leased Equipment are not property of the Debtors' estates.  However, in the event that it is determined that the PMC Leased Equipment or the DLL Leased Equipment could constitute property of the Debtors' estates, PMC and DLL object to the Priming Liens and join in the Priming Lien Objections.

3.  Joining Parties have not consented to the conveyance of any Priming Liens on the PMC Leased Equipment or the DLL Leased Equipment.  The Debtors have not satisfied their burden under section 364(d) of the Bankruptcy Code to establish that Joining Parties' interests in the Equipment would be adequately protected notwithstanding the Priming Liens.  *See In re Mosello,* 195 B.R. 277 (Bankr. S.D.N.Y. 1996); *In re Barbara K. Enters,* 2008 WL 2439649 (Bankr. S.D.N.Y. June 16, 2008).

WHEREFORE, DLL and PMC join in the Priming Lien Objections, and respectfully request that any Priming Lien permitted by the Court not attach to the PMC Leased Equipment, the DLL Leased Equipment or any proceeds thereof.

3

PHIL1 3393810v.2

Dated:  January 20, 2014

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By: */s/ Jeffrey Kurtzman*
    Jeffrey Kurtzman, Esquire (JK/7689)
    Richard M. Beck, Esquire
    Kathryn E. Perkins, Esquire
    1835 Market Street, Suite 1400
    Philadelphia, PA  19103
    Telephone:  (215) 569-4493

*Attorneys for De Lage Landen Financial Services and Phillips Medical Capital*