NIXON PEABODY LLP
Daniel W. Sklar
Lee Harrington
Christopher M. Desiderio
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re:**                                                   :    **Chapter 11**
                                                             :
**ST. FRANCIS' HOSPITAL,**                                   :    **Case No. 13-37725 (CGM)**
**POUGHKEEPSIE, NEW YORK,** *et al.,*[1]                      :
                                                             :    **(Jointly Administered)**
            **Debtors.**                                     :
-------------------------------------------------------------x

**SCHEDULES OF ASSETS AND LIABILITIES FOR
SFH VENTURES, INC.
(CASE NO. 13-37729 (CGM))**

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: St. Francis' Hospital, Poughkeepsie, New York (8503), Saint Francis Home Care Services Corporation (3842), SFH Ventures, Inc. (0024), Saint Francis Health Care Foundation, Inc. (5066), and Saint Francis Hospital Preschool Program (1079).

## SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING DEBTOR'S[1] STATEMENT OF FINANCIAL AFFAIRS WITH SCHEDULES[2]

1. The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "("SOFA" and collectively, with the Schedules the "Schedules and SOFA") of SFH Ventures, Inc., d/b/a The Hearing Works ("SFH Ventures" or the "Debtor") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtor's management with the assistance of their court-appointed advisors and are unaudited. The Debtor makes no representation that any of the financial information contained in the Schedules and SOFA has been prepared in accordance with Generally Accepted Accounting Principles ("GAAP").

2. Although management has made every reasonable effort to ensure that the Schedules and SOFA are accurate and complete based on the information that was available to it at the time of their preparation, subsequent information may result in material changes to these Schedules and SOFA, and inadvertent errors or omissions may exist. Moreover, because the Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statement are complete. The Debtor reserves all rights to amend and/or supplement its Schedules and SOFAs as is necessary and appropriate. Furthermore, nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtor against any third party, or in or with respect to any aspect of this chapter 11 case.

3. The contents of the Schedules and SOFA neither constitutes a waiver of any rights or claims of the Debtor nor is an admission of the existence, amount or nature of potential claims against the Debtor. The Debtor reserves its rights to dispute or challenge the status and amount of any claimant listed on Schedules D, E, and F; as well as its validity, priority, perfection, or the extent of any lien securing any claim listed on Schedule D.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: St. Francis' Hospital, Poughkeepsie, New York d/b/a Saint Francis' Hospital and Health Care Centers (8503), Saint Francis Home Care Services Corporation (3842), SFH Ventures, Inc., d/b/a The Hearing Works (0024) ("SFH Ventures"), Saint Francis Health Care Foundation, Inc. (5066) (the "Foundation"), and Saint Francis Hospital Preschool Program (1079)(collectively, the "Debtors").

[2] The Statement of Financial Affairs or Schedules of Assets and Liabilities begins immediately after these Global Notes

4. Basis of Presentation:  The Schedules require the Debtor to report assets at current market values. In instances where the Debtor has market values, the Schedules and SOFA reflect those values. Otherwise, the Debtor has reported assets on a net book value or other available basis and noted such treatment. For these and other reasons, the Schedules and SOFA may not reconcile to the Debtor's books and records recorded on a GAAP basis. The Debtor makes no representation of the value ultimately realizable from or the collectability of any assets presented herein.  SFHHC does not maintain full, separate, stand-alone accounting records for certain entities. The Schedules and SOFA do not purport to represent financial statements prepared in accordance with GAAP and do not necessarily reflect the amounts that would be set forth in financial statements prepared in accordance with GAAP.

5. Confidentiality: There may be instances within the Schedules and SOFA where either names, addresses or amounts have been redacted. Due to the nature of an agreement between the Debtor and a third party, concerns of confidentiality, or concerns for the privacy of an individual based on the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or otherwise, the Debtor may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

6. Causes of Action: The Debtor, despite its best efforts, may not have setforth all of its claims or causes of action against third parties as assets in its Schedules and SOFA. The Debtor reserves any and all of its rights with respect to any and all claims or causes of action it may have, and neither these General Notes, the Specific Notes, or the Schedules or SOFA shall be deemed a waiver of any such claim or cause of action.

7. Claims Description:  Any failure to designate a claim on the Debtor's Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed", "contingent", or "unliquidated." The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated." Moreover, the Debtor reserves the right to challenge the amount, nature, and classification of any claim or item listed on its Schedules.

8. Current Market Value of Assets:  It would be expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected in the Debtor's schedules and SOFA. Amounts ultimately realized from any asset, or the actual value of any such asset to the extent it must be determined in connection with this chapter 11 case, may vary from the values stated in the Schedules and SOFA and such variance may be material. The Debtor reserves the right to contend and/or prove that the value of any asset setforth in the Schedules may,

in fact, be different from the value ascribed to that asset in the Schedules and SOFA.

9. Specific Notes:  These General Notes are in addition to the Specific Notes set forth in the Schedules and SOFA. Disclosure of information in one Schedule, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule or Statement. The fact that the Debtor has prepared a note with respect to a particular Schedule or Statement and not to others does not reflect, and should not be interpreted, as a decision by the Debtor to exclude the applicability of such note to any or all of the Debtor's remaining Schedules or SOFA, as appropriate.

10. Dates. Unless otherwise indicated, all amounts are listed as of December 17, 2013, the date the Debtor commenced its chapter 11 case (the "Commencement Date").

11. General Reservation of Rights:  The Debtor specifically reserves the right to amend, modify, supply, correct, change, or alter any part of its Schedules and SOFA as and to the extent necessary as appropriate.


**SCHEDULES**

12. Schedule F:  Creditors Holding Unsecured Non Priority Claims. The liabilities identified in Schedule F are derived from the Debtor's books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtor to set forth its unsecured obligations. The Debtor has made every effort to allocate liabilities between the pre-and post-petition periods based upon the information and research that was conducted in connection with the preparation of the Schedules and SOFA. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change. Accordingly, the amounts shown on Schedule F may change and the actual amount of claims against the Debtor may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financial information the Debtor believes to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout this chapter 11 case. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have

been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtor has not listed a date for each claim listed on Schedule F.

The Debtor sought and received authorization of the Bankruptcy Court for the Southern District of New York to pay certain prepetition claims, including but not limited to, employee reimbursable expenses.  Accordingly, the Debtor expects to pay during the pendency of these cases, certain prepetition claims included on Schedules F. The claim amounts for these items may, therefore, be eliminated or satisfied in whole or in part during this case.

13. Schedule G :  Executory Contracts. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred. The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth herein. The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. Moreover, the Debtor reserves its rights to dispute the characterization of any contract in Schedule G as executory. The listing of a purported executory contract or unexpired lease on Schedule G is not an admission by the Debtor that the contract in fact is executory or the lease is in fact (a) a "true" lease - and not a disguised financing transaction or (b) unexpired. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the Debtor and such supplier or provider. The failure to list a supplier or provider in multiple entries, however, is not a waiver of the Debtor's right to claim that an executory contract or unexpired lease is, in fact, multiple agreements rather than one integrated agreement. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way, subordination, nondisturbance and attornment  agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re  **SFH Ventures, Inc.**

_____ ,

Debtor

Case No. __**13-37729**__

Chapter __**11**__

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | $621,717.14 | | |
| B - Personal Property | Yes | 6 | $350,409.00 | | |
| C - Property Claimed As Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $276,697.92 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | $0.00 UNKNOWN | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $109,296.53 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| Total Number of Sheets In ALL Schedules | | 16 | | | |
| Total Assets | | | $972,126.14 | | |
| Total Liabilities | | | | $385,994.45 PLUS UNKNOWN | |

In re   **SFH Ventures, Inc.**                                          Case No. _____**13-37729**_____
            Debtor                                                                                              (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an 'H', 'W', 'J', or 'C' in the column labeled 'Husband, Wife, Joint or Community.'  If the debtor holds no interest in real property, write 'None' under 'Description and Location of Property.'

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G-Executory Contracts and Unexpired Leases.

If any entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write 'None' in the column labeled 'Amount of Secured Claim.'

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 243 North Road, Unit 1A and 1B Poughkeepsie, NY 12601 | Owned | | $621,717.14 | $276,697.92 |

Sheet no. 1 of 1  sheets attached to Schedule of
                        Real Property

(Use only on the last page of the completed Schedule A)     | $621,717.14 |

(Report total also on Summary of Schedules)

In re ___**SFH Ventures, Inc.**_____    Case No. _____**13-37729**_____
                    Debtor                                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01  CASH ON HAND. | ☐ | PETTY CASH | | $50.00 |
| | | | | |
| 02  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | ☐ | M&T BANK VENTURES HEARING WORKS ACCOUNT NUMBER 993002088 | | $152,359.00 |
| | ☐ | M&T BANK VENTURES ACCOUNT NUMBER 9856798690 | | $650.00 |
| | | | | |
| 03  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | ☑ | | | |
| | | | | |
| 04  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | ☑ | | | |
| | | | | |

Sheet no. 1 of  6  sheets attached to Schedule of
          Personal  Property

In re **SFH Ventures, Inc.** _____ Case No. _____ **13-37729** _____

Debtor (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE _____ | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 05 BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | ☑ | | | |
| | | | | |
| 06 WEARING APPAREL. | ☑ | | | |
| | | | | |
| 07 FURS AND JEWELRY. | ☑ | | | |
| | | | | |
| 08 FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | ☑ | | | |
| | | | | |
| 09 INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | ☑ | | | |
| | | | | |
| 10 ANNUITIES. ITEMIZE AND NAME EACH INSURER. | ☑ | | | |
| | | | | |
| 11 INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(B)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(B)(1). GIVE PARTICULARS. (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(C).) | ☑ | | | |
| | | | | |

Sheet no. 2 of  6  sheets attached to Schedule of
Personal  Property

In re SFH Ventures, Inc. _____    Case No. _____13-37729_____
                    Debtor                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12 INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS. ITEMIZE. | ☑ | | | |
| | | | | |
| 13 STOCK AND INTERESTS IN INCORPORATED BUSINESSES. ITEMIZE. | ☑ | | | |
| | | | | |
| 14 INTERESTS IN PARTNERSHIPS OR JOINT VENTURES. ITEMIZE. | ☐ | NORTH ROAD PROFESSIONAL ASSOCIATES | | $17,015.00 |
| | | | | |
| 15 GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | ☑ | | | |
| | | | | |
| 16 ACCOUNTS RECEIVABLE. | ☐ | VENTURES ACCOUNTS RECEIVABLE | | $30,273.00 |
| | ☐ | HEARING WORKS ACCOUNTS RECEIVABLE | | $27,715.00 |
| | | | | |
| 17 ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | ☑ | | | |
| | | | | |

Sheet no. 3 of  6  sheets attached to Schedule of
Personal  Property

In re __SFH Ventures, Inc._____    Case No. _____**13-37729**_____
　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18 OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDE TAX REFUNDS.  GIVE PARTICULARS. | ☐ | VENTURES PREPAID TAXES | | $7,660.00 |
| | ☐ | VENTURE PREPAID MISCELLANEOUS | | $3,421.00 |
| | ☐ | HEARING WORKS OTHER ACCOUNTS RECEIVABLE | | $6,317.00 |
| | ☐ | VENTURES RENT RECEIVABLE SUITE 101/1A AND SUITE 102/1B RENT AND TAXES | | $69,311.00 |
| | | | | |
| 19 EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | ☑ | | | |
| | | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | ☑ | | | |
| | | | | |
| 21 OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | ☑ | | | |
| | | | | |
| 22 PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | ☑ | | | |
| | | | | |

Sheet no. 4 of  6  sheets attached to Schedule of
　　　Personal  Property

In re SFH Ventures, Inc. _____    Case No. _____13-37729_____

           Debtor                                                            (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23 LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES. GIVE PARTICULARS. | ☑ | | | |
| | | | | |
| 24 CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION (AS DEFINED IN 11 U.S.C. § 101(41A)) PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | ☑ | | | |
| | | | | |
| 25 AUTOMOBILES, TRUCKS, TRAILERS, AND OTHER VEHICLES AND ACCESSORIES. | ☑ | | | |
| | | | | |
| 26 BOATS, MOTORS, AND ACCESSORIES. | ☑ | | | |
| | | | | |
| 27 AIRCRAFT AND ACCESSORIES. | ☑ | | | |
| | | | | |
| 28 OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | ☐ | HEARING WORKS LEASEHOLD IMPROVEMENTS, FIXED EQUIPMENT AND MINOR MOVABLE EQUIPMENT | | $35,638.00 |
| | | | | |
| 29 MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | ☑ | | | |
| | | | | |

Sheet no. 5 of  6  sheets attached to Schedule of
        Personal  Property

In re **SFH Ventures, Inc.**
_____    Case No. _____ **13-37729**
Debtor    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30  INVENTORY. | ☑ | | | |
| | | | | |
| 31  ANIMALS. | ☑ | | | |
| | | | | |
| 32  CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | ☑ | | | |
| | | | | |
| 33  FARMING EQUIPMENT AND IMPLEMENTS. | ☑ | | | |
| | | | | |
| 34  FARM SUPPLIES, CHEMICALS, AND FEED. | ☑ | | | |
| | | | | |
| 35  OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | ☑ | | | |
| | | | | |

Sheet no. 6 of  6  sheets attached to Schedule of
Personal  Property

(Use only on the last page of the completed Schedule B)     $350,409.00

(Report total also on Summary of Schedules)

In re **SFH Ventures, Inc.** _____    Case No. _____**13-37729**_____
　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

### SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
 (Check one box)

☐ 11 U.S.C. 522(b)(2)

☐ 11 U.S.C. 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $155,675.*

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Not Applicable | Not Applicable | | |

Sheet no. 1 of 1

In re **SFH Ventures, Inc.**
_____
Debtor

Case No. _____ **13-37729**
(If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", including the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband,

If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more than one of

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Vendor No:         s3380 M&T BANK ATTN: RACHEL DALY 1769 ROUTE 52 PO BOX 7000 FISHKILL, NY  12524 | | | MORTGAGE 243 NORTH ROAD, UNIT 1A AND 1B POUGHKEEPSIE, NY 12601 (MEDICAL OFFICE BUILDING) Value:                    Unknown | | | | $276,697.92 | |

Sheet no. 1 of 1  sheets attached to Schedule of
Creditors Holding Secured Claims

Total Unsecured

Total Secured              $276,697.92
(Use only on the last page of the completed Schedule D)

(Report total also on Summary of Schedules)

In re SFH Ventures, Inc.
_____          Case No. _____ 13-37729
Debtor                                                                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditor, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J" or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)**

☐    **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐    **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order of relief.   11 U.S.C. § 507(a)(3).

☐    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days  immediately preceding the filing of the original petition or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

In re___**SFH Ventures, Inc.**_____    Case No. _____**13-37729**_____
               Debtor                                                                              (If known)

☐ **Certain Farmers and Fishermen**

    Claims of certain farmers and fishermen, up to a maximum of $6,150* per farmer or fisherman, against the debtor, as provided in
11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use,
that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Other Certain Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in  11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors
of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.
11 U.S.C § 507(a)(9)

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a
drug, or another substance. 11 U.S.C. § 507(a)(10).

_____1_____    continuation sheets attached

     * **Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.**

In re  **SFH Ventures, Inc.** _____  Case No. _____**13-37729**_____

Debtor                                                                                    (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Vendor No:                    s3393 <br> INTERNAL REVENUE SERVICE <br> P O BOX 24017 <br> FRESNO, CA  93779 | | | TAXES & OTHER GOVT DEBTS <br> INCOME TAX | X | X | X | UNKNOWN | UNKNOWN | |

Sheet no. 3 of 3  sheets attached to Schedule of
Creditors Holding Unsecured Priority Claims

Total

| UNKNOWN | UNKNOWN | |
|---|---|---|

In re  **SFH Ventures, Inc.**

_____

Debtor

Case No. _____ **13-37729**

(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", including the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent".  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated".  If the claim is disputed, place an "X" in the column labeled "Disputed".  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primary consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions Above) | | | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| Vendor No. | A40004 | s2087 | | | | | | | |
| HAL HEN COMPANY 180 ATLANTIC AVE GARDEN CITY PARK, NY  11040 | | | | | TRADE PAYABLE | | | | $13.85 |
| Vendor No. | A00514 | s2088 | | | | | | | |
| HELLERMAN, LEO 12 FELLER RD RHINEBECK, NY  12572 | | | | | TRADE PAYABLE | | | | $300.00 |
| Vendor No. | A40005 | s2089 | | | | | | | |
| MICROSONIC INC PO BOX 184 AMBRIDGE, PA  15003 | | | | | TRADE PAYABLE | | | | $1,927.10 |
| Vendor No. | A40053 | s2090 | | | | | | | |
| OAKTREE PRODUCTS INC 716 CROWN INDUSTRIAL COURT CHESTERFIELD, MO  63005 | | | | | TRADE PAYABLE | | | | $433.30 |
| Vendor No. | A40006 | s2091 | | | | | | | |
| OTICON INC PO BOX 347996 PHILADELPHIA, PA  15251 | | | | | TRADE PAYABLE | | | | $335.00 |

Sheet no. 1 of 2        sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

In re **SFH Ventures, Inc.**

Debtor

Case No. **13-37729**

(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Vendor No. A40007    s2092<br><br>PHONAK LLC<br>35555 EAGLE WAY<br>CHICAGO, IL 60678 | | | TRADE PAYABLE | | | | $32,236.07 |
| Vendor No. A40010    s2093<br><br>SIEMENS HEARING INSTRUMENTS INC<br>DEPT. AT 40082<br>ATLANTA, GA 31192 | | | TRADE PAYABLE | | | | $2,913.89 |
| Vendor No.    s3877<br><br>ST FRANCIS HOSPITAL<br>241 NORTH ROAD<br>POUGHKEEPSIE, NY 12601 | | | UNKNOWN<br>INTERCOMPANY PAYABLE | | | | $11,039.00 |
| Vendor No.    s3878<br><br>ST FRANCIS HOSPITAL<br>241 NORTH ROAD<br>POUGHKEEPSIE, NY 12601 | | | UNKNOWN<br>INTERCOMPANY PAYABLE - HEARING WORKS | | | | $59,019.00 |
| Vendor No. A40050    s2094<br><br>STAPLES BUSINESS ADVANTAGE<br>DEPT ROC<br>PO BOX 415256<br>BOSTON, MA 02241 | | | TRADE PAYABLE | | | | $82.46 |
| Vendor No. A40012    s2095<br><br>STARKEY LABORATORIES INC<br>PO BOX 9457<br>MINNEAPOLIS, MN 55440 | | | TRADE PAYABLE | | | | $996.86 |

Sheet no. 2 of 2    sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Total    $109,296.53

## SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING DEBTOR'S[1] STATEMENT OF FINANCIAL AFFAIRS WITH SCHEDULES[2]

1. The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "("SOFA" and collectively, with the Schedules the "Schedules and SOFA") of SFH Ventures, Inc., d/b/a The Hearing Works ("SFH Ventures" or the "Debtor") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtor's management with the assistance of their court-appointed advisors and are unaudited. The Debtor makes no representation that any of the financial information contained in the Schedules and SOFA has been prepared in accordance with Generally Accepted Accounting Principles ("GAAP").

2. Although management has made every reasonable effort to ensure that the Schedules and SOFA are accurate and complete based on the information that was available to it at the time of their preparation, subsequent information may result in material changes to these Schedules and SOFA, and inadvertent errors or omissions may exist. Moreover, because the Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statement are complete. The Debtor reserves all rights to amend and/or supplement its Schedules and SOFAs as is necessary and appropriate. Furthermore, nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtor against any third party, or in or with respect to any aspect of this chapter 11 case.

3. The contents of the Schedules and SOFA neither constitutes a waiver of any rights or claims of the Debtor nor is an admission of the existence, amount or nature of potential claims against the Debtor. The Debtor reserves its rights to dispute or challenge the status and amount of any claimant listed on Schedules D, E, and F; as well as its validity, priority, perfection, or the extent of any lien securing any claim listed on Schedule D.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: St. Francis' Hospital, Poughkeepsie, New York d/b/a Saint Francis' Hospital and Health Care Centers (8503), Saint Francis Home Care Services Corporation (3842), SFH Ventures, Inc., d/b/a The Hearing Works (0024) ("SFH Ventures"), Saint Francis Health Care Foundation, Inc. (5066) (the "Foundation"), and Saint Francis Hospital Preschool Program (1079)(collectively, the "Debtors").

[2] The Statement of Financial Affairs or Schedules of Assets and Liabilities begins immediately after these Global Notes

4. Basis of Presentation:  The Schedules require the Debtor to report assets at current market values. In instances where the Debtor has market values, the Schedules and SOFA reflect those values. Otherwise, the Debtor has reported assets on a net book value or other available basis and noted such treatment. For these and other reasons, the Schedules and SOFA may not reconcile to the Debtor's books and records recorded on a GAAP basis. The Debtor makes no representation of the value ultimately realizable from or the collectability of any assets presented herein.  SFHHC does not maintain full, separate, stand-alone accounting records for certain entities. The Schedules and SOFA do not purport to represent financial statements prepared in accordance with GAAP and do not necessarily reflect the amounts that would be set forth in financial statements prepared in accordance with GAAP.

5. Confidentiality: There may be instances within the Schedules and SOFA where either names, addresses or amounts have been redacted. Due to the nature of an agreement between the Debtor and a third party, concerns of confidentiality, or concerns for the privacy of an individual based on the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or otherwise, the Debtor may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

6. Causes of Action: The Debtor, despite its best efforts, may not have setforth all of its claims or causes of action against third parties as assets in its Schedules and SOFA. The Debtor reserves any and all of its rights with respect to any and all claims or causes of action it may have, and neither these General Notes, the Specific Notes, or the Schedules or SOFA shall be deemed a waiver of any such claim or cause of action.

7. Claims Description:  Any failure to designate a claim on the Debtor's Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed", "contingent", or "unliquidated." The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated." Moreover, the Debtor reserves the right to challenge the amount, nature, and classification of any claim or item listed on its Schedules.

8. Current Market Value of Assets:  It would be expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected in the Debtor's schedules and SOFA. Amounts ultimately realized from any asset, or the actual value of any such asset to the extent it must be determined in connection with this chapter 11 case, may vary from the values stated in the Schedules and SOFA and such variance may be material. The Debtor reserves the right to contend and/or prove that the value of any asset setforth in the Schedules may,

in fact, be different from the value ascribed to that asset in the Schedules and SOFA.

9.  Specific Notes:  These General Notes are in addition to the Specific Notes set forth in the Schedules and SOFA. Disclosure of information in one Schedule, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule or Statement. The fact that the Debtor has prepared a note with respect to a particular Schedule or Statement and not to others does not reflect, and should not be interpreted, as a decision by the Debtor to exclude the applicability of such note to any or all of the Debtor's remaining Schedules or SOFA, as appropriate.

10. Dates. Unless otherwise indicated, all amounts are listed as of December 17, 2013, the date the Debtor commenced its chapter 11 case (the "Commencement Date").

11. General Reservation of Rights:  The Debtor specifically reserves the right to amend, modify, supply, correct, change, or alter any part of its Schedules and SOFA as and to the extent necessary as appropriate.


**SCHEDULES**

12. Schedule F:  Creditors Holding Unsecured Non Priority Claims. The liabilities identified in Schedule F are derived from the Debtor's books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtor to set forth its unsecured obligations. The Debtor has made every effort to allocate liabilities between the pre-and post-petition periods based upon the information and research that was conducted in connection with the preparation of the Schedules and SOFA. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change. Accordingly, the amounts shown on Schedule F may change and the actual amount of claims against the Debtor may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financial information the Debtor believes to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout this chapter 11 case. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have

been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtor has not listed a date for each claim listed on Schedule F.

The Debtor sought and received authorization of the Bankruptcy Court for the Southern District of New York to pay certain prepetition claims, including but not limited to, employee reimbursable expenses. Accordingly, the Debtor expects to pay during the pendency of these cases, certain prepetition claims included on Schedules F. The claim amounts for these items may, therefore, be eliminated or satisfied in whole or in part during this case.

13. Schedule G : Executory Contracts. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred. The Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth herein. The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed therein. Moreover, the Debtor reserves its rights to dispute the characterization of any contract in Schedule G as executory. The listing of a purported executory contract or unexpired lease on Schedule G is not an admission by the Debtor that the contract in fact is executory or the lease is in fact (a) a "true" lease - and not a disguised financing transaction or (b) unexpired. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the Debtor and such supplier or provider. The failure to list a supplier or provider in multiple entries, however, is not a waiver of the Debtor's right to claim that an executory contract or unexpired lease is, in fact, multiple agreements rather than one integrated agreement. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as easements, right of way, subordination, nondisturbance and attornment  agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G.

**STATEMENT OF FINANCIAL AFFAIRS ("SOFA")**

**SOFA 3(b) - PAYMENTS MADE WITHIN 90 DAYS TO ANY CREDITOR AND SOFA 3(C) - PAYMENTS MADE WITHIN ONE YEAR TO OR FOR THE BENEFIT OF CREDITORS WHO WERE INSIDERS**

Due to concerns over the confidential nature of the data, **SOFA 3(b)** lists the total payroll funded for each payroll period and does not provide employee level detail. The Debtor has retained and can make employee level information available in appropriate circumstances and to appropriate parties subject to the assurance of confidentiality. Payroll and related payments to insiders are detailed on **SOFA 3(c)**.

**SOFA 3(b)** and **SOFA 3(c)** detail all transfers between Debtors – intercompany transfers – within the 90 day period or one year period, respectively. It is the position of the Debtor that not all such transfers are "payments to creditors"; rather, many are transfers resulting from operation of the Debtor's consolidated, centralized cash management system. However, the Debtor has included this detail in the interest of completeness and full disclosure.

**SOFA 3(c)** includes payments to individuals who currently are or were Insiders during the last year. **SOFA 3(c)** does not include payments within one year to individuals who were previously insiders but were not insiders at any time during the one year immediately prior to the petition date.

Please note that some Debtor's SOFA do not include **SOFA 3(b)** and / or **SOFA 3(c)**.

**SOFA 9 - PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY**
The information responsive to **SOFA 9** is identical for each Debtor and, accordingly, is only completed for St. Francis' Hospital, Poughkeepsie, New York. St. Francis' Hospital, Poughkeepsie, New York made the payments detailed on **SOFA 9** on behalf of all Debtors as the services these professionals provided and continue to provide are for the benefit of all affiliated Debtors. The $2.2 million shown on **SOFA 9** is the total amount of such payments made by the subject Debtors. All such payments were paid to the applicable professional as advance payment retainers.

In re **SFH Ventures, Inc.**
_____
Debtor

Case No. _____ **13-37729**
(If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any time share interests.
State nature of debtor's interest in contract, i.e. "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of the lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| *597*     SFH VENTURES, INC.<br>ATTN: 241 ARTHUR NIZZA<br>241 NORTH ROAD<br>POUGHKEEPSIE, NY  12601 | HUMAN RESOURCES EMPLOYMENT AGREEMENT<br>STAFFING SERVICE AGREEMENT<br>  (ID: 1001.960C) |

In re **SFH Ventures, Inc.** _____    Case No. _____ **13-37729** _____
            Debtor                                                                 (If known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

In re  **SFH Ventures, Inc.**  _____ ,    Case No.  **13-37729**  _____

Debtor

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION

I, Kristin Cash-Holland, the Chief Financial Officer of SFH Ventures, Inc., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 17 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

*(Total shown on summary page plus 1.)*

Date  ___January 31, 2014___    Signature  *Kristin Cash-Holland* _____

Kristin Cash-Holland _____

(print name of individual signing on behalf of debtor)

Chief Financial Officer _____

(indicate position or relationship to debtor)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. sec. 152 and 3571.