**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                              :
**In re:**                                    :    **Chapter 11**
                                              :
**ST. FRANCIS' HOSPITAL,**                    :    **Case No. 13-37725 (CGM)**
**POUGHKEEPSIE, NEW YORK,** *et al.*,[1]      :
                                              :    **(Jointly Administered)**
           **Debtors.**                       :
------------------------------------------------------------------x

**SUPPLEMENTAL ORDER AUTHORIZING AND APPROVING SALE PROCEDURES IN CONNECTION WITH PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND GRANTING OTHER RELATED RELIEF**

Upon the motion, docket no. 18 dated December 17, 2013 (the "Motion"),[2] of St. Francis' Hospital, Poughkeepsie, New York ("St. Francis") and its affiliated debtors, as debtors in possession (collectively, the "Debtors"), for an Order (the "Order") (A) authorizing and approving bid procedures in connection with the proposed sale of substantially all of the Debtors' assets, (B) authorizing the sale of those assets free and clear of all liens, claims, encumbrances and interests, (C) authorizing the assumption and assignment of certain contracts and establishing procedures to determine cure amounts, and establishing deadlines for objections for certain contracts and leases to be assumed and assigned by the Debtors, (D) scheduling a hearing on the proposed sale of those assets, and (E) granting related relief, the Court entered an Order dated December 19, 2013 (Docket No. 36) ("Original Order").

Pursuant to paragraph 6 of the Original Order, the Court awarded all parties in interest the opportunity to object to any of the Economic Bid Procedure Issues. Similarly, pursuant to

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: St. Francis' Hospital, Poughkeepsie, New York (8503), Saint Francis Home Care Services Corporation (3842), SFH Ventures, Inc. (0024), Saint Francis Health Care Foundation, Inc. (5066), and Saint Francis Hospital Preschool Program (1079).

[2]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Original Order.

{00248537}

paragraph 15 of the Original Order, in the event a timely Expression of Interest was received, the Court provided that the Economic Bid Procedure Issues and any objections thereto, would be heard on this date at the Economic Bid Procedures Hearing.

Based on all of the evidence, including any evidence proffered at the Economic Bid Procedures Hearing held this day and the representations and offers of proof made by counsel and on the entire record of the Economic Bid Procedures Hearing; and any objections raised, having been resolved or withdrawn on the terms of this Supplemental Order, and there being no other objections received, and there appearing good cause therefore:

IT IS HEREBY FOUND AND CONCLUDED, pursuant to Bankruptcy Rules 7052 and 9014, that:

A. On December 17, 2013 (the "Petition Date") the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Debtors and/or the Bond Trustee served the Notice of Sale which gave notice of the Economic Bid Procedures Hearing (i) on the Core Notice Parties, (ii) on all other persons entitled to notice pursuant to Bankruptcy Rule 2002(a)(2) and (iii) by posting a summary of such Notice of Sale on Electronic Municipal Market Access (EMMA), as set forth in paragraph 3 of the Original Order affording those parties a reasonable opportunity to object to or be heard regarding the relief granted by this Supplemental Order.

D. The Debtors further provided a Supplemental Sales Procedure Notice to all

{00848537}

2

14802853.3

Potential Bidders as identified by Deloitte and it was filed on the docket.

E.  Health Quest and the Committee have informed the Court that while no objections were filed by any of them to the Economic Bid Procedure Issues, that they and the other Notice Parties have reached an agreement concerning the same which they desire to have approved by the Court.

F.  The Break-Up Fee and Expense Reimbursement is fair and reasonable and necessary to preserve and enhance the value of the estates by encouraging further competitive bidding and providing other potential bidders with a benchmark as to the initial value of the Debtors' assets, as well as necessary to attract a Stalking Horse with a minimum bid.

WHEREUPON, IT IS HEREBY ORDERED THAT:

1.  The relief sought in the Motion concerning the Sale Procedures, in particular the Economic Bid Procedure Issues, is hereby granted on the terms and conditions set forth herein. To the extent that there is any conflict between the provisions of this Supplemental Order and the provisions of the Motion or the Asset Purchase Agreement, the terms of this Supplemental Order shall control.

2.  Health Quest and the Committee have informed the Court that they and the other Notice Parties have agreed to: (i) a Break-Up Fee and Expense Reimbursement to the Stalking Horse in the fixed total amount of $1,000,000.00; and (ii) an initial Overbid Amount of $200,000.00.

3.  Recognizing the value and benefits that the Stalking Horse has provided to the Debtors by entering into the Asset Purchase Agreement, as well as the Stalking Horse's expenditures of time, energy, and resources, the Break-Up Fee and Expense Reimbursement in the total amount of $1,000,000.00 is hereby approved, and shall be payable to Stalking Horse

{00848537}

14802853.3

3

in consideration for the time and effort expended by its senior management team to complete the planning and due diligence required of them in order to formulate and negotiate the Stalking Horse Bid. The Break-Up Fee and Expense Reimbursement shall be payable at the closing of the sale, subject to the conditions and terms of the Asset Purchase Agreement, from the first proceeds of such sale without further order of the Court. The Break-Up Fee and Expense Reimbursement, when earned, shall constitute an administrative claim against the estate under Bankruptcy Code Sections 503(b)(1) and 507(a)(1).

4.     Accordingly, effective immediately, all references to the amount of the Break-Up Fee and Expense Reimbursement in the Original Order, and any and all exhibits attached thereto or referenced therein or in the Asset Purchase Agreement are hereby amended to read: "One Million ($1,000,000.00) Dollars."

5.     That the Debtors shall, within three (3) business days of the date hereof, cause a copy of this Supplemental Order to be served upon all of the Potential Bidders who have submitted an Expression of Interest to the Debtors and to all of the Potential Bidders previously contacted by Deloitte on behalf of the Debtors in addition to all of the Parties entitled to receive notice under Bankruptcy Rule 2002(a).



**Dated: February 5, 2014**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

{00848537}

14802853.3