Michael L. Schein (MS-0241)
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, NY  10019
Tel No.  (212) 407-7700
Fax No. (212) 407-7799

*Attorneys for Siemens Medical Solutions USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
ST. FRANCIS' HOSPITAL,                          :    Case No. 13-37725
POUGHKEEPSIE, NEW YORK, *et al.*,[1]            :
:    (Joint Administered)
:
Debtors.                                 :    Hearing Date:  February 18, 2014
---------------------------------------------------------------x    Hearing Time:  11:00 a.m. (EST)

**SIEMENS MEDICAL SOLUTIONS USA, INC.'S OBJECTION TO: (I) DEBTORS'** *EX PARTE* **MOTION FOR ORDER:  (A) AUTHORIZING AND APPROVING BID PROCEDURES IN CONNECTION WITH PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR  OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXCUTORY CONTRACTS; (D) SCHEDULING A SALE HEARING; AND (E) <u>GRANTING OTHER RELATED RELIEF [ECF #18]; AND (II) CURE NOTICES</u>**

Siemens Medical Solutions USA, Inc. ("<u>Siemens Medical</u>") hereby files this objection

(this "<u>Objection</u>") to the Debtors' *Ex Parte* Motion For Order:  (A) Authorizing and Approving

Bid Procedures In Connection With Proposed Sale of Substantially All of the Debtors' Assets;

(B) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens,

---

[1] The debtors in these chapter 11 cases are:  St. Francis' Hospital, Poughkeepsie, New York, St. Francis Home Care Services Corporation, SFH Ventures, Inc., St. Francis Health Care Foundation, Inc., and Saint Francis Hospital Preschool Program.

1

Claims, Encumbrances, and Other Interests; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts; (D) Scheduling a Sale Hearing; and (E) Granting Other Related Relief [ECF #18] (the "Sale Motion") filed by the above-captioned debtors-in-possession (collectively, the "Debtors"), as supplemented by the Debtors' (I) Notice of Cancellation of Auction and (II) Supplement to Motion for Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts; and (C) Granting Other Related Relief [ECF #271] (the "Supplemental Sale Motion"), and additionally objects to the Assumption Notices (as defined below). In support of its Objection, Siemens Medical states as follows:

## BACKGROUND

**The Health Services Agreement**

1. On May 21, 2002, Siemens Medical Solutions Health Services Corporation and St. Francis' Hospital, Poughkeepsie, New York (the "Debtor") entered into a Master Agreement (the "Health Services Agreement") under which the Debtor agreed to purchase certain software applications, services and related items. The Heath Services Agreement and the amendments thereto (described below) contain confidential and proprietary information, all of which is in the Debtor's possession and of which the Debtor is aware.

2. On December 21, 2006, Siemens Medical Solutions Health Services Corporation was merged into Siemens Medical.

3. On June 29, 2007, Siemens Medical and the Debtor entered into an Amendment to, among other things, extend the term of the Health Services Agreement until May 31, 2010.

4. On March 27, 2008, Siemens Medical and the Debtor entered into an Amendment to, among other things, extend the term of the Health Services Agreement until May 31, 2012.

5. On March 30, 2012, Siemens Medical and the Debtor entered into an Amendment to, among other things, extend the term of the Health Services Agreement for certain applications until May 31, 2013 and give the Debtor the option to further extend the term of the Agreement for such applications for successive month terms of a period not to exceed six months.

6. On June 25, 2012, the Debtor sent Siemens Medical a letter in which it exercised its option to extend the term of the Health Services Agreement for certain applications until July 13, 2013.

7. On June 17, 2013, Siemens Medical and the Debtor entered into an Amendment to extend the term of the Health Services Agreement for certain applications until June 14, 2014.

8. On December 17, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

9. As of the Petition Date, the Debtor owed Siemens Medical $358,686.40 under the Health Services Agreement. Copies of the invoices relating to this unpaid amount are summarized below and attached hereto as **Exhibit "A"**:

3

| **Invoice Date** | **Period of Service** | **Type of Invoice** | **Invoice Amount** | **Amount Already Paid** | **Amount Due** |
|---|---|---|---|---|---|
| May 28, 2010 | N/A | Syngo Education | $2,100.00 | $0 | $2,100.00 |
| May 31, 2012 | May 1, 2013 to May 31, 2013 | Recurring | $206,986.78 | $201,878.52 | $5,108.26 |
| Aug. 1, 2012 | Aug. 1, 2012 to Aug. 31, 2012 | Radiology / Mammography | $3,307.85 | $0 | $3,307.85 |
| Sept. 1, 2012 | Sept. 1, 2012 to Sept. 30, 2012 | Radiology / Mammography | $3,307.85 | $0 | $3,307.85 |
| Oct. 7, 2012 | Oct. 1, 2012 to Oct. 31, 2012 | Radiology / Mammography | $3,212.15 | $0 | $3,212.15 |
| Nov. 1, 2012 | Nov. 1, 2012 to Nov. 30, 2012 | Radiology / Mammography | $3,403.55 | $0 | $3,403.55 |
| Jun. 30, 2013 | June 1, 2013 to June 30, 2013 | Recurring | $67,632.06 | $0 | $67,632.06 |
| Jul. 24, 2013 | Jul. 1, 2013 to July 31, 2012 | Recurring | $60,308.09 | $0 | $60,308.09 |
| Aug. 21, 2013 | Aug. 1, 2013 to Aug. 31, 2013 | Recurring | $56,954.59 | $0 | $56,954.59 |
| Sept. 25, 2013 | Sept. 1, 2013 to Sept. 30, 2013 | Recurring | $55,609.69 | $0 | $55,609.69 |
| Nov. 20, 2013 | Nov. 1, 2013 to Nov. 30, 2013 | Recurring | $52,866.62 | $0 | $52,866.62 |
| Nov. 27, 2013 | N/A | Prof. Service Request | $16,416.00 | $0 | $16,416.00 |
| Dec. 23, 2013 | Dec. 1, 2013 to Dec. 31, 2013 | Recurring | $51,896.84 | $0 | $51,896.84 |
| SUBTOTAL | | | | | $382,123.60 |
| | Adjustment to Dec. 23, 2013 Invoice:  Reduction to account for charges during the 14 days between Dec. 18, 2013 and Dec. 31, 2013 that arose after Petition Date | | | | ($23,437.20) |
| TOTAL | | | | | **$358,686.40** |

10.    The Debtor has made no post-petition payments to Siemens Medical under the Health Services Agreement, and additional amounts are due and owing to Siemens Medical from the Debtor under the Health Services Agreement as of the date of this Objection.  Siemens Medical will provide the Debtor with updated amounts due under the Health Services Agreement through the date of any proposed assumption and assignment.

11.     The Debtor owes numerous monetary and non-monetary obligations to Siemens Medical under the Health Services Agreement.

**The Equipment Support And Service Agreement**

12.     On or around October 16, 2008, Siemens Medical and the Debtor entered into a Service Agreement (the "Equipment Support and Service Agreement") under which the Debtor agreed to make monthly payments to Siemens Medical in exchange for service to its AXIOM Artis dTC angiography system. A copy of the Equipment Support and Service Agreement is attached hereto as **Exhibit "B."**

13.     As of the Petition Date, the Debtor owed Siemens Medical $38,192.51 under the Equipment Support and Service Agreement. Copies of the invoices relating to this unpaid amount are summarized below and attached hereto as **Exhibit "C"**:

| Invoice Date | Period of Service | Invoice Amount |
|---|---|---|
| July 19, 2013 | July 19, 2013 to Aug. 18, 2013 | $ 7,691.58 |
| August 19, 2013 | Aug. 19, 2013 to Sept. 18, 2013 | $ 7,691.58 |
| September 19, 2013 | Sept. 19, 2013 to Oct. 18, 2013 | $ 7,961.58 |
| October 19, 2013 | Oct. 19, 2013 to Nov. 18, 2012 | $ 7,961.58 |
| November 19, 2013 | Nov. 19, 2013 to Dec. 18, 2013 | $ 7,961.58 |
| SUBTOTAL | | $38,457.90 |
| Adjustment to Nov. 19, 2013 Invoice: Reduction to account for charges during the 1 day between Dec. 17, 2013 and Dec. 18, 2013 that arose after Petition Date | | ($   265.39) |
| TOTAL | | $ 38,192.51 |

5

14. The Debtor has made no post-petition payments to Siemens Medical under the Equipment Support and Service Agreement, and additional amounts are due and owing to Siemens Medical from the Debtor under the Equipment Support and Service Agreement as of the date of this Objection. Siemens Medical will provide the Debtor with updated amounts due under the Equipment Support and Service Agreement through the date of any proposed assumption and assignment.

15. The Debtor owes numerous monetary and non-monetary obligations to Siemens Medical under the Health Services Agreement.

**The Debtors' Sale Motion and Cure Notices**

16. On December 17, 2013, the Debtors filed the Sale Motion *ex parte*, which, *inter alia*, sought the approval certain bidding procedures (the "Bidding Procedures") in connection with the sale of substantially all of the Debtors' assets (the "Proposed Sale") and the approval of the Proposed Sale to Health Quest Systems, Inc. (the "Stalking Horse"), or such other bidder who may express an interest in the Debtors' assets, present a competing bid, and be deemed a higher and better bidder at a proposed auction (the "Auction"). On December 19, 2014, this Court entered an order approving the Bidding Procedures (the "Bid Procedures Order") [ECF #36].

17. The Sale Motion attaches a proposed Asset Purchase Agreement ("Asset Purchase Agreement") between the Debtors and the Stalking Horse.

18. The Debtor sent Siemens Medical a Notice of Proposed Assumption of Executory Contracts ("Assumption Notice 1") listing the Health Services Agreement on Exhibit A to such Assumption Notice 1. A copy of Assumption Notice 1 is attached hereto as **Exhibit "D."**

6

19.     Assumption Notice 1 incorrectly states a Cure Amount of $108,476.31 with regard to the Health Services Agreement (as set forth above, the amount necessary to cure the monetary defaults under this contract presently exceeds $358,686.40).

20.     The Debtor sent Siemens Medical a Notice of Proposed Assumption of Executory Contracts ("Assumption Notice 2," and collectively with Assumption Notice 1, the Assumption Notices) listing the Equipment Support and Service Agreement on Exhibit A to such Assumption Notice 2. A copy of Assumption Notice 2 is attached hereto as **Exhibit "E."**

21.     Assumption Notice 2 contains a blank space in the location where the cure Amount for the assumption of the Equipment Support and Service Agreement should be stated, which is also incorrect (as set forth above, the amount necessary to cure the monetary defaults under this contract presently exceeds $38,192.51).

22.     On February 10, 2014, the Debtors filed the Supplemental Sale Motion, pursuant to which the Debtors request an order which, *inter alia*, (i) cancels the Auction, (ii) approves a sale to Westchester County Health Care Corporation (or its designee) ("WMC"), (iii) approves the asset purchase agreement between the Debtors and WMC (the "WMC APA"), (iii) authorizes the Debtors to sell the their assets to WMC free and clear of all liens, claims, encumbrances, and interests (other than certain specified assumed liabilities), and (iv) establishes further procedures to assume and assign to WMC certain executory contracts associated with the Debtors' business (the "Assigned Contracts").

23.     Since the sale would require the Debtors to assign contracts to WMC as the purchaser rather than the Stalking Horse, the Debtors state in the Supplemental Sale Motion their belief that it is necessary to revise the assumption procedures set forth in the Bid Procedures

7

Order in order to provide contract counterparties adequate notice and opportunity to be heard with respect to the assumption and assignment of the Assumed Contracts. However, notwithstanding the fact that WMC and/or the Debtors may change their minds with respect to whether to assume certain of the Debtors' contracts prior to the closing of any sale, the Debtors still submit in the Supplemental Sale Motion that any party that received a Cure Notice[2] and failed to file a Cure Objection by February 11, 2014 be bound by the Cure Amount set forth in the applicable Cure Notice which was sent out in December 2013.

**OBJECTION**

24.     To the extent that the Sale Motion, the Bid Procedures Order, the WMC APA, the Assumption Notices and/or the Supplemental Sale Motion propose the assumption and assignment of either the Health Services Agreement or the Equipment Support and Service Agreement, Siemens Medical objects to such assumption and assignment as the Debtor has not proposed to cure the amounts due under those executory contracts as required under Section 365(b)(1) of the Bankruptcy Code. *See* 11 U.S.C. § 365(b)(1).

25.     Pursuant to Section 365(b)(1), the Debtor may only assume an executory contract that is in default if the Debtor cures existing defaults or provides adequate assurance that such defaults will be cured. *Id*.

26.     As set forth above, the Debtor owed Siemens Medical no less than $358,686.40 as of the Petition Date under the Health Services Agreement, and additional amounts have come

---

[2] Capitalized terms used in this Objection and not otherwise defined herein have the same meanings as set forth in the Sale Motion.

due since the Petition Date as a result of the Debtor failing to make any post-petition payments to Siemens Medical. The Debtor, however, has proposed to pay a "cure" amount that is substantially less that the amounts owed to Siemens Medical with regard to this contract. Unless and until the Debtor cures all of the defaults under the Health Services Agreement, Section 365(b)(1) prohibits the Debtor from assuming or assigning the Health Services Agreement.

27. Likewise, the Debtor has failed to propose any cure regarding the Equipment Support and Service Agreement. As detailed above, the Debtor owed Siemens Medical no less than $38,192.51 as of the Petition Date under the Equipment Support and Service Agreement, and additional amounts have come due since the Petition Date as a result of the Debtor failing to make any post-petition payments to Siemens Medical.[3] The Debtor, however, has not proposed to make any payment to cure the amounts due under this contract. Unless and until the Debtor cures all of the defaults under the Equipment Support and Service Agreement, Section 365(b)(1) prohibits the Debtor from assuming or assigning the Health Services Agreement.

## **CONCLUSION**

28. Because the Debtors have failed to satisfy the cure requirements under Section 365(b)(1), the Debtor may not assume and assign either the Health Services Agreement or the Equipment Support and Service Agreement under the Sale Motion, the Bid Procedures Order, the WMC APA, the Assumption Notices and/or the Supplemental Sale Motion or by any other motion or in any other manner.

---

[3] Siemens Medical reserves the right to seek the allowance and payment of any administrative expense claims under Section 503(b) of the Bankruptcy Code, or any other claims under the Bankruptcy Code, as a result of the Debtor's pre-petition defaults and failure to make any post-petition payments to Siemens Medical under the Health Services Agreement and/or the Equipment Support and Service Agreement.

WHEREFORE, for all the reasons set forth herein, Siemens Medical respectfully requests that this Court enter an Order denying the Sale Motion and the Supplemental Sale Motion to the extent they seek to assume and/or assign either the Health Services Agreement or the Equipment Support and Service Agreement without providing for a full cure of the amounts due under these contracts in strict compliance with Section 365 of the Bankruptcy Code, and for such other and further relief as this Court deems just and equitable under the circumstances.

Dated:  February 11, 2014

Respectfully submitted,

VEDDER PRICE P.C.

By:  /s/ Michael L. Schein
    Michael L. Schein (MS-0241)
    1633 Broadway, 47th Floor
    New York, New York  10019
    Tel. No.  (212) 407-7700
    Fax No.  (212) 407-7799
    Email:  mschein@vedderprice.com

*Attorneys for Siemens Medical Solutions USA, Inc.*